**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

CARRIE B. LEE,                          :
                                        :
            Plaintiff,                  :
                                        :
    VS.                                 :
                                        :        1 : 11-CV-174 (WLS)
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,        :
                                        :
            Defendant.                  :
_____

# RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on December 9, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).    All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

## Administrative Proceedings

The Plaintiff filed an application for disability benefits on October 29, 2008.   (T-122-27).   Her claims were denied initially and upon reconsideration.   (T-76-81, 86-89).   A hearing was held before an ALJ on April 14, 2011.   (T-44-69).   Thereafter, in a hearing decision dated April 29, 2011, the ALJ determined that the Plaintiff was not disabled.   (T- 14-43).    The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.   (T-1-6).

## Statement of Facts and Evidence

The Plaintiff was fifty (50) years of age at the time of the ALJ's decision, and alleged disability since October 27, 2008, due to carpal tunnel syndrome in both hands.   (T- 36, 38, 124).   She attended school until the tenth grade, subsequently obtaining a GED, and has past relevant work experience as a weigher/packer, capper/packager, sewing machine operator, and poultry eviscerator.   (T- 49-52, 61).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of obesity, carpal tunnel syndrome, depression, and fibromyalgia in the legs.   (T-19).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity.   (T – 19-36).   The ALJ relied on the testimony of a Vocational Expert to determine that although the Plaintiff could not return to her past relevant work, the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled.   (T- 36-37).

2

## DISCUSSION

*Hypothetical posed to VE*

The Plaintiff contends initially that the ALJ failed to adequately account for findings of "moderate" difficulties in concentration, persistence or pace in his hypotheticals to the Vocational Expert ("VE").   In assessing the Plaintiff's mental conditions at Step Three of the sequential evaluation process, the ALJ determined that the Plaintiff suffered from "moderate difficulties" in "concentration, persistence or pace." (T – 20).   In posing a general hypothetical to the VE, the ALJ asked the VE to consider an individual limited to light work and "handling, fingering and feeling [limited to] frequent, not constant, and also . . . simple work only."   (T – 61-62).   The VE responded that these limitations would prevent Plaintiff from returning to her past relevant work, but that she would be able to perform other jobs in the national economy.   (T – 62).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."   *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).   The Eleventh Circuit has noted that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."   *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011).   The Commissioner maintains, relying on *Winschel,* that the ALJ's limitation of the Plaintiff to "simple work" evidences his implicit finding that Plaintiff could perform simple work despite her moderate limitations in concentration, persistence and pace.   The Court notes that a residual functional capacity for simple work is equivalent to the capacity for "unskilled work".   SSR 85-15*;* 20 C.F.R. § 404.1568(a); *Douglas v. Astrue*, 2011 WL 482501, *5 (E.D.Pa. Feb. 4, 2011) ("[u]nskilled work is consistent with simple, routine tasks.").   As in *Scott v. Comm'r. of Social Security*, 2012 WL 5358868, *2

3

(11th Cir. , Oct. 31, 2012), "the ALJ clearly indicated that medical evidence showed that [the Plaintiff]

could complete simple tasks on a regular basis."   The ALJ found that mental examinations revealed

normal thought processes for the Plaintiff, that Plaintiff's mental health records revealed a history of

noncompliance, but improvement of her mental conditions with medication.   (T – 24, 34).   The ALJ also

noted the Plaintiff's reports to medical sources of her activities of daily living, including gardening, house

repairs, and helping the elderly.   (T – 34).   In implicitly finding that Plaintiff could perform simple work

despite limitations in concentration, persistence, and pace, the ALJ's hypothetical to the VE properly

included all of the Plaintiff's credible limitations.

*Development of the record*

     Plaintiff also argues that the ALJ failed to fully develop the record in that he failed to obtain

documentation from the Department of Vocational Rehabilitation, allegedly showing that the Plaintiff

cannot be rehabilitated.   However, as the Commissioner points out, the Plaintiff does not produce this

alleged documentation, and there is no indication that such evidence is even available.   Plaintiff merely

points to her own references to discussions with Vocational Rehabilitation.   (T – 440, 442, 449).   Plaintiff

does not provide any details regarding this evidence, and as such, this issue cannot serve as a basis to

challenge the ALJ's decision.

*Physicians=opinions*

     The Plaintiff also asserts that the ALJ failed to afford appropriate weight to the opinions of her

treating and examining physicians.   Specifically, the Plaintiff maintains that the ALJ improperly ignored

findings of limitations issued by treating orthopedist Dr. Carstens, and improperly rejected the conclusions

of disability issued by treating psychiatrist Dr. Fan and psychologists Dr. Wager and Dr. Willers.

     Pursuant to 20 C.F.R. ▪ 404.1527(e)(2), the Commissioner will Aconsider opinions from treating and

examining sources on issues such as . . . your residual functional capacity . . . [although] the final

responsibility for deciding these issues is reserved to the Commissioner.@  AA statement by a medical

source that you are >disabled= or >unable to work= does not mean that we will determine that you are

disabled.@  20 C.F.R. " 404.1527(e)(1).   Good cause to discount the opinion of a physician has been

found to exist Awhere the doctor=s opinion was not bolstered by the evidence, or where the evidence

supported a contrary finding.   We have also found good cause where the doctors= opinions were

conclusory or inconsistent with their own medical records.@  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th

Cir. 1997) (internal citations omitted).   As the *Lewis* court noted, A[w]e are concerned here with the

doctors= evaluations of [the plaintiff=s] condition and the medical consequences thereof, not their opinions

of the legal consequences of [her] condition.@ *Id.*

Absent >good cause,= an ALJ is to give the medical opinions of treating physicians >substantial or

considerable weight= . . . With good cause, an ALJ may disregard a treating physician=s opinion, but he

>must clearly articulate [the] reasons= for doing so.@  *Winschel v. Comm=r. of Social Security*, 631 F.3d

1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

The Plaintiff asserts that Dr. Carstens issued multiple restrictions on the Plaintiff's lifting

capabilities, limiting her to sedentary work levels, but that the ALJ did not mention these restrictions.   The

ALJ discusses Dr. Carstens' treatment of the Plaintiff for carpal tunnel syndrome, between 2008 and 2010,

but notes that none of Plaintiff's treating sources indicated that Plaintiff was disabled or suffered greater

limitations than those found by the ALJ.   (T – 35).   Dr. Carstens issued sedentary work limitations in a

"work status report" for the period up until Plaintiff's second surgery in August 2008.   Plaintiff returned

to work in September 2008 and Dr. Carstens indicated that Plaintiff could work with certain lifting

restrictions, in place between December 2008 and March 2009.   As asserted by the Commissioner, Dr.

Carstens did not provide any further work-related restrictions, and did not offer restrictions for a

continuous twelve-month period.

5

The Plaintiff points to the findings of Dr. Fan in March 2011 (T – 741-48) that Plaintiff "should be considered totally disabled", and asserts that the ALJ failed to assign these findings proper weight. (T – 746).   The ALJ found that:

> [a]s to the claimant's mental impairments, the opinions from Georgia Pines and Dr. Willers are inconsistent with the objective medical evidence of record.   I note that Dr. Fan determined that the claimant met the listings in 12.04 based on depressive symptoms that were accompanied by the following:   anhedonia, appetite disturbance, sleep disturbance, psychomotor retardation, decreased energy, feelings of worthlessness, difficulty concentrating or thinking, thoughts of suicide, and hallucinations.   However, in a Bio-Psychosocial reassessment, the claimant reported that her depression was better and that her medication was working.   She reported that she ate one meal a day, which was normal for her appetite.   The claimant stated that her energy was also normal. The claimant denied any issues with memory, but reported that she was distracted easily.   It was determined that the claimant should continue with her current treatment, and individual counseling was recommended. Treatment records from Georgia Pines indicate that the claimant enjoyed working in her garden, and she rarely expressed suicidal ideation.   When she did, it was specifically noted that the claimant did not have any intent or plan.   As to her insomnia, Dr. Fan reported that the condition was mild.
>
> As to the Medical Source Statement completed by Dr. Willers, it is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. . . . I find that the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive.

(T – 35).

A review of the opinions issued by physicians Fan and Willers, Plaintiff's treatment notes and the ALJ's decision herein reveals that the ALJ's decision to discount the opinions of disability issued by Plaintiff's psychiatrists and psychologists is supported by substantial evidence.   The ALJ properly considered the physicians' statements and assessments, and the ALJ specifically noted the internal inconsistency between the treatment notes for Plaintiff's psychiatric and psychological treatment

6

between 2010 and 2011 and the findings of disability.   (T – 34).   As the ALJ points out, Plaintiff's treatment records show that her mental condition improved with therapy and medications, with no limitations issued by her treating medical sources following her treatment sessions. (T – 34, 35).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of ▪ 405(g). Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 5th day of February, 2013.

s/   *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb