**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

CARRIE B. LEE,                             :
                                           :
      Plaintiff,                      :
                                           :
v.                                         :        CASE NO.: 1:11-CV-174 (WLS)
                                           :
MICHAEL J. ASTRUE, *Commissioner of*       :
*Social Security*,                         :
                                           :
      Defendant.                      :
_____:

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed February 5, 2013.  (Doc. 15.)  It is recommended that the Social Security Commissioner's final decision be affirmed.  (*Id.* at 7.)  Plaintiff timely filed an Objection challenging the Recommendation and requesting that Court reverse and award benefits.  (*Id.* at 7.)

## DISCUSSION

### I.    Standard of Review for Social Security Appeals

"[T]he federal courts 'review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support [its] findings . . . and whether the correct legal standards were applied.'"  *Powell v. Astrue*, 250 F. App'x 960, 962 (11th Cir. 2007) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)).  This is a "highly deferential standard of review."  *Id.* at 963.  The Court is forbidden from reweighing the evidence or substituting its judgment for that of the ALJ.  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  "Even if the evidence preponderates against the Commissioner's findings, [the court]

must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

"[T]he ALJ's failure [to specifically address evidence] only constitutes reversible error if it created an evidentiary gap that caused unfairness or clear prejudice." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)); *see also Dyer*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) "[T]he ALJ's decision [simply] . . . [can]not [be] a broad rejection[,] which is 'not enough to enable this Court to conclude that the ALJ considered [the claimant's] medical conditions as a whole.'"). Having established the applicable standard of review of Plaintiff's social security appeal, the Court turns to its discussion of each of Plaintiff's objections on which she bases her request for the Court's reversal of the Commissioner's decision and award of benefits.

## II.    Plaintiff's Objections

### a.    Objection 1: The ALJ failed to articulate good cause to reject the treating doctor's opinion, and the Magistrate Judge impermissibly substituted its judgment for the ALJ's in finding that the ALJ's decision was supported by substantial evidence.

The Magistrate Judge finds that "[t]he ALJ discusses Dr. Carstens' treatment of the Plaintiff for carpal tunnel syndrome…but notes that none of Plaintiff's treating sources indicated that Plaintiff was disabled or suffered greater limitations than those found by the ALJ." (Doc. 15 at 5.) Plaintiff argues that Dr. Carstens ordered numerous work restrictions that the ALJ

disregarded without evaluating, and that the Magistrate Judge impermissibly provided *post hoc* rationalization to support the ALJ's finding.

Plaintiff's objection asks the Court to take the same act that Plaintiff alleges the Magistrate Judge indulged in – substituting the judgment of the Court for that of the ALJ.[1]   In reviewing claims brought under the Social Security Act, the Court's role is limited.  It is legally bound not to decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  A review of the Plaintiff's argument indicates she wishes the Magistrate Judge and this Court to reweigh the evidence presented to the ALJ because she is able to point to evidence that arguably supports her claim.  Our role is only to determine whether the ALJ's determination is supported by substantial evidence and that the appropriate legal standards were applied.

As the Magistrate Judge noted, the ALJ discussed Plaintiff's treatment by Dr. Carstens between June 2008 and March 2009, including Plaintiff's condition at each of the nine visits, the work restrictions enacted at the time of each visit, and prognosis.  (*See* Doc. 9-2 at 23-25.)  The ALJ described Plaintiff's improvement over the course of the treatment, from a complete work restriction following surgery to modified work duty with braces to modified work duty without

---

[1]  The Court also finds Plaintiff's argument that the Magistrate Judge impermissibly relied on *post hoc* rationalizations to be without merit.  The Recommendation traces the grounds for the ALJ's decision as discussed in the ALJ's findings, and adds a final note that, as asserted by the Commissioner, Dr. Carstens "did not offer restrictions for a continuous 12-month period."  (Doc. 15 at 5.)   Plaintiff argues that this final point is *post hoc* rationalization.  When this court judicially reviews an administrative action of an agency of the executive branch, it may not "substitute counsel's *post hoc* rationale for the reasoning supplied by the" agency itself.  *N.L.R.B. v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 715 n.1 (2001).  However, "[w]hile we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity *if the agency's path may reasonably be discerned.*"  *Manasota-88, Inc. v. Thomas*, 799 F.2d 687, 691 (11th Cir. 1986).  As discussed below, the Magistrate Judge relies on the ALJ's findings to reject Plaintiff's contention that the ALJ did not mention the restrictions.  Moreover, the statement regarding the 12-month period is simply a reference to additional evidence in the record – evidence set forth by the ALJ in his discussion – to establish that the ALJ's decision was supported by substantial evidence.  Accordingly, the Court finds that the Magistrate Judge did not impermissibly rely on *post hoc* rationalization in recommending that the Commissioner's final decision be affirmed.

braces.  (*Id.*)  Indeed, the ALJ discusses Dr. Carstens' description of the improvement in Plaintiff's grip strength and the absence of any apparent weaknesses.[2]  (*Id.* at 24.)  After providing a thorough analysis of Dr. Carstens' treatment and opinion of Plaintiff's condition, the ALJ found that "claimant's residual functioning capacity included limitations on her ability to handle, finger, and feel."  (*Id.* at 34.)  The ALJ then noted that "claimant has not provided an opinion from any medical provider that would indicate that she has greater limitations" than that determined by the ALJ.  (*Id.* at 36.)  This finding does not disregard Dr. Carstens' opinion. Rather, it reflects the ALJ's understanding that his own findings as to Plaintiff's restrictions were in accordance with the opinions of Plaintiff's treating physicians, including Dr. Carstens, who did not find the greater limitations Plaintiff alleges exist.  The ALJ did not have to articulate specific reasons for failing to give Dr. Carstens' opinion full weight because the ALJ *gave* Dr. Carstens' opinion full weight; Plaintiff's objection is essentially a disagreement with the ALJ's judgment.  Plaintiff notes Dr. Carstens' reference to "permanent" nerve damage.  Even accepting this as true, Plaintiff points to no evidence that Dr. Carstens opined that the "permanent" damage resulted in greater limitations, as now asserted by Plaintiff.  Accordingly, the Court finds that the ALJ's decision was supported by substantial evidence and Plaintiff's Objection is **OVERRULED**.

b. **Objection 2: The ALJ's hypothetical did not take into account Plaintiff's moderate limitations in concentration, persistence, or pace.**

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's hypothetical to the VE adequately accounted for Plaintiff's moderate limitations in concentration, persistence,

---

[2] Plaintiff asserts that Dr. Carstens found "her nerve damage from CTS was 'probably…permanent.'"  (Doc. 16 at 3.)  In fact, what Dr. Carstens actually stated was "[s]he apparently has nothing surgical as far as her neck and probably just more permanent nerve injury from the carpal tunnel."  (Doc. 10-4 at 14.)

and pace. "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). One manner of determining this is for the ALJ to ask a Vocational Expert hypothetical questions "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips v. Barnhart*, 357 F.3d 1232, 1232 (11th Cir. 2004). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. *Id.* However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180–81 (11th Cir. 2011).

Here, the hearing transcript indicates that the ALJ posed a number of hypotheticals to the VE. The hypotheticals included Plaintiff's exertional limitations but did not explicitly include Plaintiff's concentration, persistence, and pace limitations. (Doc. 9-2 at 61-67.) Therefore, the Court must analyze whether the ALJ either implicitly accounted for the limitations in his question, or whether medical evidence demonstrated that Plaintiff could engage in simple routine tasks despite her limitations. *Winschel*, 631 F.3d at 1180. Courts have found that an ALJ implicitly accounts for concentration, persistence, and pace limitations when the question asks the VE to incorporate medical testimony or when the ALJ references some aspect of a mental

limitation in the question. *Id*.  Here, the ALJ did neither, leaving only medical evidence as a possible remedy for the ALJ's failure to explicitly include Plaintiff's limitations.

As the Magistrate noted, the ALJ found, through a thorough analysis of Plaintiff's testimony, medical records, and doctors' opinions, that Plaintiff had normal thought processes and that Plaintiff's mental health records revealed an improvement of her mental conditions with medication.  (Doc. 15 at 4.)  The ALJ also found that Plaintiff "enjoyed working in her garden…doing repairs on her house," and helping the elderly – all indications that Plaintiff was able to "perform basic, routine tasks" and that her "reported activities of very limited daily living activities are of little probative value."  (Doc. 9-2 at 34.)  The Court, upon review, finds that the medical evidence demonstrates that Plaintiff could engage in simple routine tasks despite her moderate limitations in concentration, persistence, and pace.  Therefore, the hypothetical, while not explicitly including Plaintiff's limitations, sufficiently accounted for those limitations. For these reasons, the Court rejects Plaintiff's arguments as stated in her Objection to the ALJ's findings based on the allegedly incomplete hypothetical.    Plaintiff's Objection is **OVERRULED**.

    c.   **Objection 3: The ALJ erred by failing to obtain or evaluate the Vocational Rehabilitation finding.**

Plaintiff again argues that the ALJ failed to fully develop the record when he failed to obtain documentation from the Department of Vocational Rehabilitation allegedly showing that Plaintiff cannot be rehabilitated.  Plaintiff asserts that *McLeod v. Astrue*, 640 F.3d 881 (9th Cir. 2011), is the controlling law for the instant situation.  The Court notes that as a Ninth Circuit case, *McLeod* has no binding precedential value in this Circuit.  Moreover, in *McLeod*, the claimant was represented by a lay person, a situation that requires additional diligence by the

ALJ in developing the record.  The court also noted that the "record suggests a likelihood that McLeod has some sort of VA disability rating." *McLeod*, 640 F.3d at 885.  None of those factors or circumstances are present in the instant case.  Plaintiff is represented by an attorney and there has been no indication of any sort since the case began that the alleged documentation from the Department of Vocational Rehabiliation even exists.[3]  Accordingly, the Court agrees with the Recommendation's finding that "this issue cannot serve as a basis to challenge the ALJ's decision." (Doc. 15 at 4.)  Plaintiff's Objection is **OVERRULED**.

d. **Objection 4: The ALJ improperly rejected the conclusions of disability issued by Plaintiff's treating psychiatrist and psychologists.**

Plaintiff objects to the Magistrate Judge's Recommendation to the extent that it recommends adopting the ALJ's finding rejecting the opinions of Plaintiff's treating psychiatrist, Dr. Fan, and psychologists, including Dr. Willers.  (Doc. 16).  Plaintiff argues that in finding that the doctors' opinions were not supported by the objective evidence, the ALJ "play[ed] doctor" which is not allegedly permissible as part of an ALJ's analysis.  (*Id.* at 7).

The Social Security regulations provide guidelines for the ALJ to use when evaluating medical opinion evidence.  (*See* 20 C.F.R. § 404.1527).  The ALJ considers many factors when weighing such evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record, and the area of a doctor's specialization.  (*Id.* at § 404.1527(d)).  In light of the applicable law, the ALJ

---

[3] The Eleventh Circuit cases cited by Plaintiff are inapposite.  In *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir 1983), the court, citing to *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. March 25, 1981), simply noted that the "findings of disability by another agency…are entitled to great weight."  The court in *Keiser v. Barnhart*, 222 F. Supp. 2d 1298, 1303 (M.D. Fla. 2002), held the same, affirming that the ALJ must indicate the weight accorded to the VA's disability rating.  None of the cases required the ALJ to undertake a search for a document of questionable existence based only on a passing reference by the claimant when the claimant was represented by counsel.

was entitled to consider and weigh the doctors' opinions to determine whether they were consistent with the record. (*Id.*)

The Court agrees with the Magistrate Judge that the ALJ provided good cause to disregard the doctors' opinions. The Eleventh Circuit has held that:

> [t]he ALJ must give the opinion of a treating physician substantial or considerable weight unless 'good cause' is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.

*Goff v. Comm'r*, 253 F. App'x 918, 921 (11th Cir. 2007) (internal quotation marks and citations omitted). As the Magistrate Judge found, the ALJ provided specific reasons for discounting the opinions of Dr. Fan and Dr. Willers.[4] (*See* Doc. 15 at 6.) For example, the ALJ found that the treatment notes did not support Dr. Fan's findings that Plaintiff met the listings in 12.04 based on depressive symptoms; instead, the ALJ found that the records demonstrated few if any of the symptoms and instead displayed improvement in Plaintiff's depression, normal appetite and energy levels, no memory issues, and rare suicidal ideation. (*Id.*) The ALJ also took into account that Dr. Willers' examination occurred "not in an attempt to seek treatment for symptoms, but rather, through an attorney referral and in connection with an effort to generate evidence for the current appeal." (Doc. 9-2 at 36.) The ALJ then found that the report was without support from the other evidence of the record. (*Id.*) Accordingly, the Court agrees with the Magistrate Judge's finding that the "ALJ properly considered the physicians' statemets and assessments…and noted the internal inconsistency between the treatment notes…and the findings of disability." (Doc. 15 at 6-7.)

---

[4] While Plaintiff objects to the ALJ disregarding the reports of Dr. Fan and Dr. Willers, she mentions nothing about the ALJ's findings on the Disability Determination Service, which found that Plaintiff could work at a medium exertional level with some manipulative limitations. The ALJ, guided again by the record, found that the claimant was more limited than the DDS report and gave the report little weight. (Doc. 9-2 at 37.)

8

Plaintiff's Objection indicates that she seems to be operating under three misconceptions. First, Plaintiff fails to appreciate that it is her burden, as well as her physicians, to establish that a disability exists.   In the five step process, a claimant establishes a prima facie case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).    While the ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled, it is Plaintiff's ultimate burden to prove she is disabled, and consequently, Plaintiff is responsible for producing evidence in support of her claim.  Plaintiff's doctors can assist in this process through providing medical opinions.  And while it is true that the opinion of a treating physician is entitled to substantial weight, it may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.  *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

Second, Plaintiff fails to appreciate the difference between a disability as found by a doctor and a disability as determined by the Social Security Regulations.  The doctor's finding of a disability is determined by his medical opinion.  The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).  To make this determination, the ALJ employs a five-step sequential evaluation process.   20 C.F.R. §§ 404.1520, 416.920.  While the doctor's findings are considered in the five step process, they do not conclusively determine the final finding.  As the Regulations state, the Commissioner will "consider opinions from treating and examining sources on issues such as…your residual functioning capacity…[although] the final responsibility for deciding these issues is reserved to

the Commissioner." 20 C.F.R. § 404.1527(e)(2).  Most importantly, "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean we will determine you are disabled." 20 C.F.R. § 404.1527(e)(2).  While Plaintiff cites to the *Marbury* case in an effort to challenge the ALJ's findings, *Marbury* was an exceptional case with an entirely different factual basis than the instant case.  In *Marbury*, the ALJ specifically disregarded the diagnoses of two treating physicians in favor of his own diagnosis that Marbury's claimed seizure disorder was "questionable."  The ALJ has done nothing of the sort in this case; on the contrary, the ALJ's findings are based on the record.

Finally, Plaintiff again asks the Court to exceed its limited role in reviewing claims brought under the Social Security Act.  The Court cannot decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ.  *Bloodsworth*, 703 F.2d at 1239.  The ALJ's decision was based on Plaintiff's evidence as a whole.  When considered in this manner, the ALJ's determination that the opinions of Drs. Fan and Willers did not overcome what the ALJ found to be contradictory evidence in the record.  (*Id.*)  It is well established that the fact finder may have "good cause" to afford less weight to a treating physician's opinion where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding.  *Anderson v. Comm'r of Soc. Sec.,* 2011 WL 4435569, 1 at *1 (11th Cir. September 26, 2011).  Here, the ALJ has articulated specific reasons for declining to give the opinion of the doctors' controlling weight, and those reasons are supported by substantial evidence; thus, the Court will not disturb the ALJ's decision.  *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).  For these reasons, the Court finds that Plaintiff's arguments as stated in her Objection to the Magistrate Judge's Recommendation should be, and are, **OVERRULED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 16) are **OVERRULED** and United States Magistrate Judge Langstaff's February 5, 2013 Recommendation (Doc. 15) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the Social Security Commissioner's final decision is **AFFIRMED**.

**SO ORDERED**, this  21st  day of March 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**